## CIRCUIT COURT OF LOUDOUN COUNTY

Caruthers, Buscher & Caruthers

   v.

Susan L. Jackson,
f/k/a Susan K. Hawes

### July 20, 1992

### Case No. (Law) 12560

BY JUDGE JAMES H. CHAMBLIN

On June 4, 1992, this Court heard evidence without a jury in the above case. Donald S. Caruthers, Jr., testified as the only witness for the plaintiff law firm. The defendant did not appear, but her attorney was present and participated in the trial. The defendant offered no evidence. This case is a suit for attorney fees. After hearing the evidence and argument of counsel, the Court took the matter under advisement. Counsel were asked to submit additional authorities on the legal ethics issue raised at trial by June 29, 1992. No such authorities were filed. However, the plaintiff did submit a letter dated July 8, 1992, in which it took a different position as to the amount it feels that it is owed.

For the reasons hereinafter set forth, the Court grants a judgment in favor of the plaintiff against the defendant in the amount of $6,111.70 plus interest on $4,950.17 at the rate of 12% per annum from June 4, 1992, attorneys' fees of $1,810.00, and costs of $14.00

In essence, I accept the reasoning of Mr. Caruthers in his letter of July 8, 1992, in light of the evidence presented at trial. Mrs. Jackson agreed to pay a service charge of 1% per month when she signed the Domestic Relations Retainer Agreement (Plaintiff's Exhibit No. 2) on April 11, 1990. Hence, that interest rate will apply to the unpaid principal balance of $4,950.17 after her payment of $60.00 on April 24, 1992, and was calculated as a part of the total interest due through the date of trial ($777.44 to June 4, 1992; see second page of Caruthers' letter dated July 8, 1992).

The retainer agreement provides for "attorney fees of 33%." I interpret this to mean 33% of the unpaid principal balance. $1,810.00 (rounded off) represents 33% of principal due when suit was filed, i.e., $5,430.17. In the retainer agreement, Mrs. Jackson also agreed to pay costs which in this case include only the filing fee of $14.00 in General District Court. This case was removed to the Circuit Court by Mrs. Jackson.

Although the defendant presented no evidence, her counsel argued several defenses which are addressed below.

Mr. Brooks argued that this Court should take judicial notice of what occurred at the July 12, 1990, hearing in the underlying case of *Hawes v. Hawes* in an effort to show that the attorneys' fees are unreasonable in light of the issues pursued at the hearing. I am of the opinion that this Court cannot in one suit take judicial notice of the proceedings in another suit in this Court. Therefore, it was incumbent upon Mrs. Jackson to present evidence of the matters pursued at the July 12, 1990, hearing. Having failed to do so and, further, having failed to present any evidence as to the unreasonableness of the fees charged by the plaintiff, this Court cannot find that the fees are excessive or unreasonable.

Mr. Brooks also argued that the retainer agreement and the fees charged by the plaintiff violate certain canons of the Code of Professional Responsibility. In effect, he asks this Court to determine, based on this judge's own knowledge and experience, to make a finding that the fees are unreasonable and excessive and that the plaintiff acquired an interest in the litigation in violation of D.R. 2–105 and D.R. 5–103 and D.R. 5–104. First, even if the retainer agreement and/or the fees charged violate a disciplinary rule, I do not feel that such a violation automatically renders the fee agreement unenforceable. However, I do not have to reach this issue because the defendant presented no evidence upon which I could find that the fees are unreasonable or excessive. Although the retainer agreement does refer to an assignment to the plaintiff out of the proceeds of the sale of any real or personal property as a part of the settlement or other disposition of the case, no evidence was presented to show that such an assignment ever became a possibility in the underlying divorce case. As said above, this Court cannot in this case take judicial notice of the matters raised in the divorce case.

Finally, Mr. Brooks argued that the costs charged by the plaintiff were not the responsibility of the defendant. However, under the

retainer agreement, she specifically agreed to pay for "photocopying" and "out-of-pocket expenditures." All the expenses claimed by the plaintiff fall under either category.